# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 1:20-cr-268 |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **LARRY MAURICE JACKSON,** | |
| **Defendant.** | **MEMORANDUM OPINION AND ORDER** |

This matter is before the Court upon Defendant Larry Maurice Jackson's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) filed on November 24, 2021 ("Defendant's Motion"). (Doc. No 43.) On November 29, 2021, the Court sent Defendant's Motion to the Office of the Federal Public Defender's Office for Review. On December 22, 2021, the Federal Public Defender's Office, through Attorney Krysten E. Beech, filed a Motion for Extension of Time, seeking an additional 30 days within which to file either a supplemental motion to Defendant's Motion or a statement indicating that she would not be filing anything on Defendant's behalf. (Doc. No. 44.) On that same day, the Court granted the motion in a non-document order. On January 26, 2022, the Federal Public Defender's Office, through Attorney Krysten E. Beech, filed a Second Motion for Extension of Time, seeking an additional 14 days within which to file either a supplemental motion to Defendant's Motion or a statement indicating that she would not be filing anything on Defendant's behalf. (Doc. No. 45.) On January 27, 2022, the Court granted the motion in a non-document order. On February 9, 2022, Attorney Krysten E. Beech filed a Notice, indicating that the Federal Public Defender's Office did not intend to file a supplemental motion on behalf of Defendant, and respectfully asked to withdraw from the matter.

The United States of America filed a Response in Opposition to Defendant's Motion on March 7, 2022 ("the Government's Opposition"). (Doc. No.47.) Attached to the Government's Opposition are three Exhibits: Exhibit 1 is a Request for Reduction in Sentence Form completed by Defendant, dated 11/8/2021 demonstrating that Defendant was seeking a reduction in sentence based upon a "Debilitated Medical Condition[s]", specifically diabetes, high-blood pressure, and obesity that Defendant asserted placed him at heightened danger of death should he contract Covid; Exhibit 2 is a copy of the RIS-Warden Response to Inmate Larry Jackson indicating that his request for a sentence reduction was denied; and Exhibit 3 is the Bureau of Prisons Immunization record demonstrating that Defendant refused the COVID-19 vaccine on June 21, 2021. (Doc. Nos. 47-1, 47-2, 47-3.) For the reasons set forth below, Defendant's Motion is DENIED.

**BACKGROUND**

On December 8, 2020, Defendant plead guilty to all six counts of the Indictment, specifically: Possession with Intent to Distribute Cocaine Base (Count 1), Possession with Intent to Distribute Heroin and Fentanyl (Count 2), Possession with Intent to Distribute Carfentanil (Count 3), all in violation of 21 U.S.C. § 841 841(a)(1) and (b)(1)(C); Felon in Possession of Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2) (Counts 4 and 5); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 6). At the sentencing hearing on May 13, 2021, Defendant was sentenced to a term of imprisonment of 77 months on Counts 1 through 5, to run concurrent to each other, and 60 months on Count 6, to run consecutive to all other counts, for a total of 137 months of imprisonment. (Doc. No. 39.)

After exhausting his administrative remedies with the Bureau of Prisons, as demonstrated by Exhibits 1 and 2 attached to the Government's Opposition, Defendant filed the instant motion.

**STANDARD OF REVIEW**

Prior to 2018, only the Bureau of Prisons ("BOP") could move a district court under § 3582(c)(1)(A) for the compassionate release of a federal prisoner. *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020). On December 21, 2018 the First Step Act ("FSA") amended the statute to allow a prisoner to directly petition courts for compassionate release after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [prisoner's] behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's] facility whichever is earlier." *Id.* at 832 (citing 18 U.S.C. § 3582(c)(1)(A)).

The Sixth Circuit Court of Appeals recently explained:

> By statute, three substantive requirements must be met before a district court may grant compassionate release. 18 U.S.C. § 3582(c)(1)(A). First, the court must determine that "extraordinary and compelling reasons warrant" a sentence reduction. *Ruffin*, 978 F.3d at 1004 (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). Second, the court must find that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission, *see* U.S.S.G. § 1B1.13. *Ruffin*, 978 F.3d at 1005. Third, the court must consider the applicable § 3553(a) factors. *Id.*; *see* 18 U.S.C. § 3582(c)(1)(A). . . . [W]hen a prisoner [brings a motion on his own accord], the First Step Act renders U.S.S.G. § 1B1.13 inapplicable, meaning district courts enjoy "full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111. That leaves a district court to focus on steps one and three, as it may now "skip step two of the § 3582(c)(1)(A) inquiry." *Id.*

*United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021).

Moreover, according to the Sixth Circuit, "a district court may deny compassionate release if it finds that the defendant fails to meet any one of the three steps,[1] and may do so without addressing any of the other criteria." *United States v. Taylor*, No. 20-4241, 2021 WL 2182320, at

---

[1] Those three criteria are: extraordinary and compelling reasons justifying release; the applicable § 3553(a) factors; and any applicable policy statement, such as U.S.S.G. § 1B1.13. *United States v. Taylor*, No. 20-4241, 2021 WL 2182320, at *2 (6th Cir. May 28, 2021) (citing *United States v. Tomes*, 990 F.3d 500, 502 (6th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A)).

*2 (6th Cir. May 28, 2021) (citing *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)).  The Court finds that Defendant has not shown "extraordinary and compelling reasons" warranting compassionate release.  And, because Defendant has not shown "extraordinary and compelling reasons" warranting his release, the Court need not consider and/or address Defendant's argument that an evaluation of the § 3553 factors would support his release.

### DISCUSSION

Defendant seeks compassionate release based upon his assertion that he is likely to contract the COVID-19 virus and suffer medical complications, including potentially death, due to his preexisting medical conditions of diabetes, high blood pressure and obesity.

The Court finds that Defendant's fear of contracting COVID-19 and the potential risk of suffering medical complications due to his medical conditions of diabetes, high blood pressure, and obesity do not constitute "extraordinary and compelling reasons" to grant him compassionate release since he was offered but refused the COVID-19 vaccine.  *United States v. Lemons*, (6th Cir. 2021), 15 F.4th 747.  Indeed, according to the Government, the BOP will continue to offer inmates who initially declined a vaccine if they change their minds, as expeditiously as possible as supplies are available.  (Doc. No. 47, PageID # 265.)

Accordingly, and for the reasons set forth above, Defendant's Motion is DENIED.

**IT IS SO ORDERED.**

         s/Pamela A. Barker
         PAMELA A. BARKER
Date:  March 9, 2022          U. S. DISTRICT JUDGE